811 F.2d 1506
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard L. WOOD, Defendant-Appellant.
 No. 86-5563.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 12, 1986.
Decided Feb. 4, 1987.
 
 Before HALL and WILKINSON, Circuit Judges, and HENDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 Calvin Steinmetz, Isicson, Steinmetz & Weinberg on brief, for appellant.
 Henry E. Hudson, United States Attorney, Michael A. Paulsen, Special Assistant United States Attorney, Williams G. Otis, Assistant United States Attorney on brief, for appellee.
 PER CURIAM:
 
 
 1
 Richard Wood appeals his conviction of knowingly receiving photographs transported in interstate commerce depicting minors engaging in sexually explicit conduct in violation of 18 U.S.C. Sec. 2252(a)(2) (1984). We affirm.[1]
 
 I.
 
 2
 On June 6, 1985, William Wayland of Ft. Lauderdale, Florida, was arrested and charged with mailing obscene matter in violation of 18 U.S.C. Sec. 1461 (1984). There was evidence that Wayland had been operating a commercial distributorship which catered to male homosexuals interested in obtaining photos of males under the age of eighteen, engaging in various sexually explicit activities. During a search of Wayland's apartment, a mailing list was found which revealed that an order had been placed by Richard Wood of Alexandria, Virginia, for a photography collection named "Dynamite Trio." Also found were records indicating that Wood had made four previous orders for similar materials.
 
 
 3
 After the photographs were confiscated and were determined to depict boys between the ages of fourteen and sixteen years old engaged in sexual activity, they were mailed to Postal Inspector R.D. Northrop, who in turn placed them in the mail to be delivered on August 13, 1985, to Wood's residence. On that date, Northrop, who had been actively involved in child pornography investigations since 1982, and had attended various training sessions on the subject, applied to the magistrate for a search warrant. He submitted an affidavit indicating that Wood's name had been found on the mailing list and that the sexually explicit photographs were to be delivered to Wood's home that day. The warrant was issued, and the photographs were found during the search. Woods was eventually charged with, and pleaded guilty to, violating 18 U.S.C. Sec. 2252(a)(2).[2]
 
 
 4
 On appeal, Wood contends that the trial court should have granted his motion to suppress the evidence seized during the search of his apartment. Wood suggests that no probable cause for the search existed because the magistrate was presented with no evidence indicating that the alleged photographs were "obscene." We do not agree. On its face, 18 U.S.C. Sec. 2252(a)(2) has no requirement that the photographs be "obscene" in order to constitute a violation of the statutory provisions. Moreover, we reject Wood's argument that the affidavit supporting the search must describe with particularity the type of sexual conduct depicted in the photograph before probable cause exists to issue a search warrant.
 
 
 5
 Finally, we find no merit in Wood's defense that his right to privacy permits him to own such photographs. 18 U.S.C. Sec. 2252(a)(2) (1984) makes illegal the mailing or receiving through the mail visual depictions of minors engaged in sexually explicit conduct--not the actual possession of them. We therefore affirm Wood's conviction.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 We granted the appellant's motion to submit this appeal on the briefs without oral argument. Wood pleaded guilty conditionally, subject to his right to appeal the order denying suppression of the photographs
 
 
 [2]
 18 U.S.C. Sec. 2252(a)(2) (1984) makes the conduct illegal of any person who
 ... knowingly receives, or distributes any visual depiction that has been transported or shipped in interstate or foreign commerce through the mails, if
 (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and (B) such visual depiction is of such conduct....